Filed 9/13/24  Beijing Da De Chao Rui Commerce etc. v. Tao Yun Capital CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| BEIJING DA DE CHAO RUI COMMERCE AND TRADE CO., LTD. et al., | B327159 |
| Plaintiffs and Appellants, | |
| v. | Los Angeles County Super. Ct. No. 21STCV30449 |
| TAO YUN CAPITAL CO., LTD., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Richard J. Fruin, Jr., Judge.  Affirmed.

Van Etten Sipprelle and Keith A. Sipprelle for Plaintiffs and Appellants.

No appearance for Defendant and Respondent.

_____

This appeal arises from an action filed pursuant to Code of Civil Procedure section 1718, subdivision (a) for recognition of several purported judgments from the People's Republic of China (PRC) against defendant Tao Yun Capital Co., Ltd. We affirm the trial court's order quashing service of process because plaintiffs failed below, and fail here, to establish the existence of property owned by defendant in California.

## BACKGROUND

Plaintiffs obtained what they refer to as seven "consent judgments" against defendant in the PRC. Before the trial court, defendant characterized these differently, calling them "Civil Mediation Statements." Each offered declarations concerning the effect of PRC law in support of their respective characterizations. We will refer to the documents as "consent judgments" for convenience only.

In 2021, plaintiffs filed in the trial court their complaint for recognition of the consent judgments against defendant, three other PRC corporations, and a PRC individual. This appeal pertains only to defendant, so we disregard the other defendants below in our recitation of the facts.

In response to the complaint, defendant filed a motion to quash service of process for lack of personal jurisdiction. In support of its motion, defendant argued its contacts with California did not establish jurisdiction under a traditional minimum contacts personal jurisdiction analysis.

In opposition, plaintiffs argued the traditional jurisdictional analysis was inapplicable because the proceeding was only to recognize a foreign-country money judgment under California's enactment of the Uniform Foreign-Country Judgments Recognition Act (UFCMJRA; Code Civ. Proc.,

2

§§ 1713–1725), not to determine defendant's substantive rights. Under these circumstances, plaintiffs explained, the mere presence of defendant's assets in California would be sufficient to support the exercise of quasi in rem jurisdiction. In arguing the existence of such jurisdiction, plaintiffs pointed to defendant's beneficial interests in a liquidating trust established pursuant to the chapter 11 plan of reorganization for Jia Yueting, an individual, confirmed by the United States Bankruptcy Court for the Central District of California.

The bankruptcy liquidating trust is a Delaware trust. Its trustee is a partner of the law firm Lowenstein Sandler LLP with a business address in New Jersey. The trust was funded with a basket of assets, including equity in a Delaware limited liability company a warrant granted by a British Virgin Islands company; all of Yueting's accounts, securities, and real property, wherever located, including any remaining following the conclusion of enforcement actions in the PRC; Yueting's interest in another British Virgin Islands company; and cash.

In reply, defendant argued its beneficial interest in the bankruptcy liquidating trust was not a California asset but rather a Delaware asset because the trust is a Delaware trust. In surreply, plaintiffs argued the trial court could exercise jurisdiction over the beneficial interest because the trust's administration was under "ultimate supervisory jurisdiction" of the bankruptcy court in California, and the trustee's law firm has an office in California.

The trial court granted the motion to quash and dismissed defendant from the action.

Plaintiffs appealed and filed an opening brief to which defendant did not respond.

3

## DISCUSSION

Plaintiffs submit that we review the trial court's order independently because the underlying facts on which it was based are not in dispute. Be that as it may, we presume the court's order is correct, and it is plaintiffs' burden, as the appellants, to show error. (See *Virtanen v. O'Connell* (2006) 140 Cal.App.4th 688, 709–710.) Defendant's failure to file a responsive brief does not relieve plaintiffs of this burden. (*Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1078.) We conclude plaintiffs failed to carry their burden on appeal because they failed to show defendant has assets in California—a showing they acknowledge they had to make.

The UFCMJRA sets forth the process for, and circumstances under which, California courts may recognize money judgments of courts in other countries. Generally, they must recognize a foreign-country money judgment unless one of the exceptions for mandatory nonrecognition (§ 1716, subd. (a)) or discretionary nonrecognition (§ 1716, subd. (b)) is present. "The [UFCMJRA] allocates the burden of proof for establishing whether a foreign-country money judgment is within [its] scope . . . and whether there is any ground for not recognizing the existence of the judgment. [Citations.] The party seeking recognition of a foreign-country money judgment has the burden to establish entitlement to recognition under the [UFCMJRA], while the party resisting recognition has the burden of establishing a specified ground for nonrecognition." (*Hyundai Securities Co., Ltd. v. Lee* (2015) 232 Cal.App.4th 1379, 1386.)

Though one of the grounds for nonrecognition is lack of personal jurisdiction over the judgment debtor in the foreign country, the UFCMJRA says nothing about the requirements

4

that must be met for a California court to assert jurisdiction over a foreign judgment debtor.  Plaintiffs cite no California authority, and we are aware of none, addressing what jurisdiction a court in California must have over the judgment debtor and/or its property to support an UFCMJRA recognition action.

Looking to courts elsewhere, we find some disagreement over what is necessary.  (Compare *Abu Dhabi Commercial Bank PJSC v. Saad Trading* (N.Y.App.Div. 2014) 117 A.D.3d 609, 611, 612 [holding no jurisdictional nexus is required, including local property, to support recognition of foreign judgment not contested by judgment debtor]; and *AlbaniaBEG Ambient Sh.p.k v. Enel S.p.A.* (N.Y.App.Div. 2018) 160 A.D.3d 93, 104, fn. 12, 108 [holding jurisdictional nexus is required where grounds for dispute over recognition exist; local property necessary to support exercise of *in rem* jurisdiction].)  We need not resolve what is necessary to support UFCMJRA jurisdiction because plaintiffs fail to establish that which they accept must be shown.

Plaintiffs contend quasi in rem jurisdiction is sufficient to support recognition under oft-cited dicta in *Shaffer v. Heitner* (1977) 433 U.S. 186:  "Once it has been determined by a court of competent jurisdiction that the defendant is a debtor of the plaintiff, there would seem to be no unfairness in allowing an action to realize on that debt in a State where the defendant has property, whether or not that State would have jurisdiction to determine the existence of the debt as an original matter."  (*Id.* at p. 210, fn. 36.)  Consistent with *Shaffer*'s approval of recognition actions "in a State *where the defendant has property*" (*ibid.*, italics added), the Ninth Circuit in *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.* (9th Cir. 2002) 284 F.3d 1114 held "the *sine qua non* of basing jurisdiction on a defendant's

5

assets in the forum is the identification of some [local] asset." (*Id.* at p. 1127.)

The trial court here granted defendant's motion to quash in part because it found defendant had no assets in California. Here, as they did below, plaintiffs argue the local asset requirement is satisfied by defendant's beneficial interest in the bankruptcy liquidating trust. However, they fail to show that *defendant's interest* in the trust is located in California. Plaintiffs contend: "The Trust is under the ultimate supervisory control of [a] United States Bankruptcy Judge . . . , who sits in the Central District of California. Effectively, therefore, the Trust assets are located in California because the ultimate authority over the Trust and its assets resides with a California judge." Plaintiffs offer no authority for the proposition that "ultimate supervisory control" over a trust by a federal bankruptcy court in California causes the trust's assets—which include equity in a British Virgin Islands corporation and perhaps real property in the PRC—to be "located" in California. More importantly, plaintiffs also fail to explain how the location of trust assets determines the location of defendant's *beneficial interest in* the trust.

Next, plaintiffs contend: "Under California law, jurisdiction over a trust may be exercised if the Court has personal jurisdiction over the trustee of the trust, regardless of the location of the trust property. [Citations.] Here, the trustee of the Trust is a partner . . . at the law firm of Lowenstein Sandler. [Citations.] Lowenstein Sandler can be served with process in California. . . . Because the trustee of the Trust is subject to personal jurisdiction in California, the Trust's assets (including Tao Yun's beneficiary interest in the Trust) are subject to the Trial Court's *quasi in rem* jurisdiction." Again, plaintiffs

6

fail to address that the particular property at issue is defendant's beneficial interest in the trust, not the trust or its assets. Although they assert defendant's "beneficiary interest in the Trust" is itself a trust asset, they offer no authority or any other support for this assertion, and it seems to defy common sense— an interest in a trust belongs to the interest holder, not the trust itself.

To be clear, we do not decide that defendant's beneficial interest in the bankruptcy liquidating trust is *not* a California asset. We simply conclude plaintiffs' arguments fail to establish that it is, either by citation to authority or by reasoned argument. (See *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153 ["We may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt.' "].) Plaintiffs have therefore failed to carry their burden to show reversible error and we affirm.

### DISPOSITION

We affirm the trial court's order granting defendant's motion to quash service of summons. No costs are awarded.


GRIMES, J.


WE CONCUR:


STRATTON, P. J.          WILEY, J.


7